WILLIAM H. NUDD and others *vs.* HOME INSURANCE AND BANKING COMPANY OF TEXAS.

June 24, 1878.

Appeal—Objection to Motion—Papers used in District Court.—When a motion is heard and determined, upon an agreed case and upon affidavits, in the court below, without objection, it is too late to raise any preliminary objection to the right of the court to entertain and decide the motion upon such papers, after appeal to this court.

New Trial—Verdict obtained on False Testimony.—A verdict procured upon false testimony concerning the contents of a lost letter, will be set aside at the instance of the aggrieved party, when it satisfactorily appears that such party, through no fault or lack of diligence in the preparation or conduct of the trial, was unprepared and unable to rebut such testimony at the time of the trial, and when it also appears that he has been guilty of no laches in making application for a new trial.

Same—Presumption in favor of Order.—In reviewing the order granting a new trial, upon grounds other than the insufficiency of the evidence to support the verdict, its correctness will be presumed, unless the contrary affirmatively appears of record.

Appeal by plaintiffs from an order of the district court for Hennepin county, *Vanderburgh*, J., presiding, granting a new trial.

*P. M. Babcock* and *Charles Allen*, for appellants.

*Samuel R. Thayer*, for respondent.

CORNELL, J.   This is an appeal from an order granting a new trial, chiefly on the ground of surprise.   The application

was made and heard upon affidavits, and upon the reporter's minutes of the trial, which the parties by stipulation agreed might be treated as a settled case, for the purposes of the motion. No objection appears to have been taken in the court below to the sufficiency of the notice of motion, nor to any of the affidavits or papers which were used at the hearing. If any valid objection of this kind existed, it should have been seasonably presented in that court. None such having been there raised, none can be permitted to be here, for the first time, interposed.

The action was brought upon a policy of insurance, to recover the amount of a loss by fire happening on the first day of August, 1876. The policy contained stipulations requiring "the insured, in case of loss by fire, forthwith to give notice thereof to the company; and also, as soon thereafter as possible, to render a particular account of such loss, signed and sworn to by them;" and it appears that it was issued and accepted in reference and subject to these, among other conditions. The material question put in issue by the pleadings for litigation related to the performance of these conditions of the policy by the plaintiffs, full compliance therewith being averred generally in the complaint and denied in the answer; and this was the only issue that was thus raised or tendered in respect to these conditions. On the trial, Charles Allen, the attorney of plaintiffs, was sworn, and gave testimony as a witness in their behalf, against the objection of the defendant, but with the permission of the court. He testified to having sent, as such their attorney, by mail, to the home office of the defendant company, in Galveston, Texas, on January 26, 1876, five months and twenty-six days after the fire, a verified account and statement of their loss; that prior to mailing these proofs, he had been in correspondence with the company, and had sent, and received in reply, one or two letters, which he had lost and was unable to find. In stating the contents of the first of these letters, which he received, as he says, about the middle of

January, 1876, he testified that the company therein expressed its regret that it had not been sooner notified of the loss at the home office, and requested said Allen to make out and send on proofs of the loss, and that it would have the matter inquired into, and "honorably adjusted, fairly adjusted," or something of that kind, and that the proofs were forwarded by him, in pursuance of such request.

On the application for a new trial, it was shown to the satisfaction of the court, and, in our opinion, upon abundant testimony, that no letter of the purport as thus testified to was ever written or sent to the said witness Allen, either from the home office of the defendant company, or its general agency for the northwestern states, wherein the state of Minnesota was included. That only one letter was ever addressed to him from the home office, a sworn copy of which had been procured therefrom since the trial, and was produced at the hearing. That this letter, bearing date December 30, 1875, instead of containing any statement or expression that could be construed into either an admission that any of the conditions of the policy as to notice of loss and proofs had been complied with, or any intimation or promise that a compliance therewith then or thereafter would be regarded and treated as within the required time, or that the company would waive a strict performance in that regard, in express terms notified the said Allen that the company had never received any proofs of loss, nor any information of a loss, within the time prescribed by the conditions of the policy, and that it did not intend to waive any of its rights in the premises. It was also shown, by the affidavit of defendant's attorney and counsel who tried the cause, that he had at that time no knowledge or information concerning this letter or its contents, or the truth or falsity of the said testimony of said Allen, nor any means of ascertaining the facts in respect thereto, except by communication with the home office of his client, located in a distant state, and that he was therefore taken wholly by surprise by the character of such evidence,

without any ability or preparation to disprove it, by showing the real truth of the matter.

Upon these facts, taken in connection with the rest of the evidence given on the trial, as disclosed by the record before us, the question is presented, whether the decision of the trial court, setting aside the verdict against the defendant and awarding a new trial, was error. Without this testimony of the witness Allen which is the subject of complaint, the verdict unquestionably would not have been rendered, or, if it had, it must have been set aside as unsupported by evidence. Upon the record before us, and for the purpose of determining the question under consideration, the untruthfulness of this testimony must be assumed, as well as the facts that defendant was wholly unprepared at the trial with any evidence to disprove it, and that its counsel who tried the case was at the time in utter ignorance of the existence of any evidence by which its falsity could be shown. This want of preparation cannot, under the circumstances, be attributed to the defendant or its attorney and counsel as any negligence or want of diligence. From no issue or allegation in the pleadings, could it have been reasonably anticipated or expected that the contents of any letter of the purport so testified to, would become a material subject of inquiry on the trial. No question of waiver of the performance of any of the conditions or stipulations of the policy was made or raised by the pleadings, and hence there was no necessity nor propriety in being prepared with any evidence on that point, or in making any preparation to meet such an issue. The only issue made, to which the testimony complained of has the least pertinency, was that taken upon a compliance with such conditions; and it is hardly reasonable to suppose that defendant or its counsel could have anticipated that plaintiffs would seek to establish the affirmative of that issue by parol and secondary evidence of the contents of a letter, which, in its terms, actually negatived the issue, or by such a total perversion thereof

from its plain import and meaning as was wrought by the misrecollection of the witness in this instance.

The case was clearly one of legal surprise, resulting in an unjust verdict upon false testimony, which no ordinary prudence or precaution could have guarded against or prevented; and, as the party injured by it made its application for relief without unreasonable delay, and at the earliest opportunity after becoming acquainted with the real facts, it was the duty of the court, in the exercise of its discretion, to grant it, so that there might be a fair and impartial trial upon the merits. The only possible ground for objecting to the order appealed from, as it seems to us from the record, is the fact that it was not granted unconditionally, but upon terms. This is a matter, however, of which plaintiffs have no reason to complain.

As the record before us does not purport to contain all the evidence given on the trial, it is urged by plaintiffs that it must be presumed that there was other and sufficient evidence, aside from the testimony of said witness Allen, to support the verdict, and, therefore, it ought not to have been set aside. Were the question one solely upon the sufficiency or insufficiency of the evidence to sustain the verdict, this might be true; but the rule referred to has no application to a case of this character. The order granting a new trial was made upon other grounds than the insufficiency of evidence alone. If erroneous, the error must be shown of record. It cannot be inferred from matter not affirmatively appearing.

Order affirmed.